132 So.2d 643 (1961)
Jack GUARISCO
v.
Clinton SWINDLE and the Travelers Indemnity Company.
Mrs. Annie P. GUARISCO
v.
Clinton SWINDLE et al.
Nos. 5352, 5353.
Court of Appeal of Louisiana, First Circuit.
June 30, 1961.
Certiorari Denied October 4, 1961.
No. 5352:
Parker & Parker, Baton Rouge, for appellant.
Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, for appellees.
No. 5353:
Taylor, Porter, Brooks, Fuller & Phillips and Kantrow, Spaht, West & Kleinpeter, Baton Rouge, for appellants.
D'Amico & Curet, Baton Rouge, for appellee.
Before ELLIS, LOTTINGER, JONES, HERGET and LANDRY, JJ.
PER CURIAM.
On May 22, 1961 we rendered separate judgments in the two above cases which had been consolidated for trial.
In the case of Mrs. Annie P. Guarisco an award of $12,500 was made for physical injuries suffered by her and in the case of Jack Guarisco an award of $1,794.05 was made for expenses incurred by him resulting from the injuries to his wife.
Inasmuch as in the case of Mrs. Annie P. Guarisco the award to her exceeded *644 the policy limits of $10,000 issued by Travelers Indemnity Company, we denied recovery to Jack Guarisco against the Travelers Indemnity Company of the $1,794.05.
Applications for rehearing were filed questioning the judgment of this Court in so holding.
A review of the authorities reveals that this question first arose in the case of Miller v. Commercial Standard Insurance Company et al., La.App. First Circuit, 14 So.2d 313, a per curiam opinion on rehearing, the original decision having been reported in 13 So.2d 733. The holding in the Miller case was to the effect that a policy limit of $10,000 to any one person in any one accident did not preclude recovery by husband and wife, in the event of injury to the wife, for amounts aggregating in excess of $10,000. The Court reasoned the wife's claim was for bodily injury and the award of $7,500 belonged to her separate estate while the claim of the husband in the sum of some $3,000 was to reimburse the community for damages and expenses incurred on account of the accidentsaid latter claim being a separate and distinct claim from the formertherefore the policy limit of $10,000 to any one person was not applicable.
The Miller case, supra, apparently ignored the prior jurisprudence appearing In re Employers' Liability Assurance Corporation, Ltd., 180 La. 406, 156 So. 447, wherein the Supreme Court held that in a 10/20 policy if only one person suffers bodily injury the insurer's liability is limited to $10,000 notwithstanding more than one person may have a claim for damages arising from the injury sustained by the single individual involved.
The next case dealing with the subject appears to be that of Gaines v. Standard Accident Insurance Company, La.App., 32 So.2d 633, also decided by the First Circuit, wherein damages were claimed by a minor for personal injuries and by a father for medical and hospital expenses in connection therewith. The Court added the two awards together and finding that they exceeded policy limits refused to give judgment against the insurer for an amount in excess of policy limits and prorated the award ¼th to the father individually and ¾ths to the father as administrator of the minor's estate. Obviously the holdings in the Miller and Gaines cases are irreconcilable.
In Fetterly v. McNeely et al., La.App., 77 So.2d 757, wherein there was involved a policy with limits of $5,000, which sum had been awarded to the wife, the Court denied liability of the insurer to the husband for the wife's medical expenses.
Inasmuch as Miller v. Commercial Standard Insurance Company et al., supra, is in direct conflict with the decision of the Supreme Court in the case of In re Employers' Liability Assurance Corporation, Ltd., supra, and is inconsistent with subsequent decisions of our Court in the Gaines and Fetterly cases, supra, the holding is expressly overruled.
It appears to us that we were in error in awarding the total limits of the policy to the wife and denying for that reason the claim of the husband for expenses sustained by him resulting from her injury and that the claim should be prorated inasmuch as they exceed the policy limits by adopting a formula that each claimant receive that percentage of the sum to be prorated which his individual claim bears to the total claim to be paid. Therefore, taking the aggregate of the two claims, which is $14,294.05, the wife's share of the policy limits is:

 $12,500.00
 ---------- × $10,000 = $8,744.90;
 $14,294.05
the husband's share of the policy limits
 $ 1,794.05
 ---------- × $10,000 = $1,255.10.
 $14,294.05

Accordingly, in the case of Mrs. Annie P. Guarisco v. Clinton Swindle et al., *645 Number 5353, the judgment heretofore rendered is amended so as to read in favor of Mrs. Annie P. Guarisco against the defendants, Clinton Swindle and the Travelers Indemnity Company, in solido, in the sum of $12,500 together with legal interest from the date of judicial demand until paid, together with costs, limiting the judgment against the Travelers Indemnity Company to $8,744.90, exclusive of cost and interest. In all other respects the judgment of this Court of May 22, 1961 is reinstated and the application for rehearing is denied.
In the case of Jack Guarisco v. Clinton Swindle et al., Number 5352, the judgment of this Court of May 22, 1961 is amended and judgment is rendered in favor of Jack Guarisco and against Clinton Swindle and the Travelers Indemnity Company, jointly and in solido, in the sum of $1,255.10, together with legal interest from June 19, 1959 until paid; and judgment is further rendered in favor of Jack Guarisco against Clinton Swindle for the additional sum of $538.95 together with legal interest from June 19, 1959 until paid, together with cost. In all other respects the application for rehearing is denied.