MILLER, Judge pro tem.
This case was consolidated with No. 5625 styled, Arrow Food Distributors, Inc. v. Henry L. Thurman, Jr. et al., this day decided by us and reported in La.App., 144 So. 2d 398. From our determination of the facts and the questions of liability, fully decided and discussed in that opinion, we conclude that the district court judgment in favor of defendant dismissing plaintiff’s suit, should be reversed. This leaves for our determination the quantum to be allowed plaintiff-appellant in this suit.
Henry L. Thurman, Jr. is an architectural engineer and is now and was at the time of the accident employed as Dean of the School of Engineering at Southern University. The Doctors agree that Dean Thurman was critically injured in this accident. Pie sustained a severe laceration of the neck which exposed the cervical vertebrae and the major blood vessels and nerves. He also suffered an open fracture of the right femur and fractures of the left ankle along with numerous contusions and abrasions. He was hospitalized from February 17 to April 8, 1960, during which time he was in skeletal traction. During a part of this time he was unable to take care of his normal bodily functions. Rubber drains were placed in the evulsed area around the neck to drain excess fluids and keep the area dry. Catheters were used to relieve the kidneys. During the second week of his hospitalization, his abdomen became distended to the point where it was necessary to use a gastric tube to routinely remove the stomach contents. Surgery was performed on the right leg three times for the purpose of inserting the intramedulary nail through the narrow of the femur and performing the other procedures essential to the orthopedic treatment of Dean Thurman.
Despite these critical injuries, Dean Thurman made an excellent recovery. Following his discharge from the hospital on April 8, 1960, he did not consult any physician for treatment other than the orthopedic surgeon treating his bone injuries. He used crutches until the end of July when he started using a cane. On March 14, 1961, Dean Thurman was completely discharged. During all of this time, he received his salary as Dean of the School of Engineering.
Although there is lay testimony in the record to the effect that Dean Thurman has some residual disability to his right hand,, this is not verified by the medical testimony. Dean Thurman testified that he is right handed and that he does not draw as well nor for as long a period of time as he could draw prior to the accident. He testified that he could not play tennis as well as before the accident and thought that as of September 27, 1961 he had lost two tournaments because of the injuries suffered in the accident. The doctors did not assign any permanent functional disability.
Dean Thurman’s special damages include:
Baton Rouge General Hospital $1,622.10
Dr. Richard B. Means 955.00
Dr. Frank Rieger 430.00
Dr. Charles Beskin 25.00
Dr. John B. Stotler 65.00
Dr. Duane Foreman 25.00
Loss of wrist-watch 125.00
Collision deductible 50.00
Total $3,297.10
Counsel for Dean Thurman cites for our guidance the cases of Broussard v. Savant Lumber Company, La.App., 134 So.2d 369; Stevens v. Liberty Mutual Insurance Co., La.App., 133 So.2d 1; and Guarisco v. Swindle, La.App., 132 So.2d 643.
*413 Although initially Dean Thurman’s injuries were critical, especially those injuries resulting from the neck laceration, because of prompt medical attention, his injuries did not result in any permanent functional disability. We believe, consequently, that an award of $12,500.00 to Henry L. Thurman, Jr., would fairly compensate him for the injuries sustained by him in this accident.
For the foregoing reasons, the judgment of the district court is reversed and judgment is hereby rendered in favor of plaintiff, Henry L. Thurman, Jr., and against defendant, Employers Liability Assurance Corporation, Ltd., in the total sum of $15,-797.10, with legal interest thereon from judicial demand until paid.
All costs are to be paid by defendant-appellee.
Reversed and rendered.