201 So.2d 341 (1967)
Mattie Bosely FISH et vir, Plaintiffs-Appellees,
v.
Joseph I. MARTIN et al., Defendants-Appellants.
No. 2054.
Court of Appeal of Louisiana, Third Circuit.
June 29, 1967.
Rehearing Denied July 19, 1967.
*342 Porteous & Johnson, by James L. Donovan, New Orleans, for defendants-appellants.
Bass & Lawes, by Eugene H. Lawes, Lake Charles, for plaintiffs-appellees.
Before TATE, FRUGÉ, and HOOD, JJ.
TATE, Judge.
The defendant Martin's taxicab ran into the rear of a stopped vehicle. The plaintiff Mrs. Fish suffered certain injuries when she was thrown from the front seat of the forward automobile. She and her husband sued Martin and his liability insurer for the damages sustained.
The defendants appeal from adverse judgment. The only substantial issue of the appeal is whether the trial jury abused its discretion as to the amounts of damages awarded the plaintiffs. (Under the evidence, the sole legal cause of the accident is the defendant Martin's negligence in heedlessly colliding with the forward vehicle.)
1. Mrs. Fish's personal injuries.
The trial jury fixed at $7,000 the plaintiff wife's general damages for her pain, suffering, and permanent residual.
As a result of the sudden sharp impact from the rear, Mrs. Fish was jerked around and thrown forward against the dashboard. Aside from bruises, her principal injury was a low back sprain which was still persisting, with objective symptoms, at the trial nearly two years after the accident.
Under the evidence, the trial jury could properly have found that Mrs. Fish would suffer indefinitely from the residual of the sprain. The main symptoms are moderate to light pain upon exertion. As a result, she is unable to perform her household duties and is restricted in her activities. For instance, she no longer drives the family automobile, and she has ceased going fishing two or three times a week, which before the accident was her chief recreation.
We are unable to say that the award of $7,000 for these personal injuries constituted an abuse of the discretion of the trial court. See, e. g., Carvell v. Winn, La.App. 3 Cir., 154 So.2d 788, awarding $7,000 for somewhat similar injuries. We so conclude by virtue of the following principles applicable:
On appellate review, the trier of fact's award of general damages for personal *343 injuries should not be disturbed unless the reviewing court finds that the fact-trier has abused its great discretion in this regard, after taking into consideration that each personal injury may be evaluated according to its own peculiar facts and circumstances. LSA-Civil Code Art. 1934(3); Lomenick v. Schoeffler, La., 200 So.2d 127 (decided June 5, 1967); Ballanga v. Hymel, 247 La. 934, 175 So.2d 274; Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149. See, generally, Comment, 25 La.L.Rev. 545 (1965). The cited decisions further note that prior awards for seemingly similar injuries are relevant only insofar as they may indicate that the present award is so greatly out of proportion with them as to indicate a possible abuse of the trial court's great discretion. Also, the appellate court should take into consideration that it is principally the function of the fact-trier to evaluate the credibility of an injured person's complaints as to the magnitude and duration of the residual pain. Lomenick v. Schoeffler, cited above; Miller v. Central Mutual Insurance Co., La.App. 3 Cir., 174 So.2d 280.
2. Mr. Fish's special damages.
The trial jury also awarded $2,000 special damages to Mr. Fish for expenses caused or to be caused the marital community because of the tortfeasor's negligent act.
The proven special damages incurred at the time of the trial were only about $1,100.[1] The balance of $900 was therefore awarded for future medical treatment, maid service, and medicines to be needed during the indefinite persistence of Mrs. Fish's symptoms.
The uncontradicted testimony shows that, as a result of disability resulting from the accident, Mr. and Mrs. Fish now employ a maid at $4 per week to perform the heavier household duties which Mrs. Fish used to perform before the accident. It also indicates that Mrs. Fish undergoes medical treatment at a cost of $5 every second week and will continue to do so as long as she suffers residual pain. There is evidence from which the jury could have concluded that Mrs. Fish's remaining life expectancy was in excess of 20 years.
In tort actions, recovery may be had of prospective damages reasonably certain to accrue. 25 C.J.S. Damages § 31. These include reasonable and necessary future expenses incurred as a proximate result of the wrong or injury. 25 C.J.S. Damages § 45. Where no exact computation of damages is possible, although it is proved with reasonable certainty that one injured by a tort will sustain damages of the nature sought, the trier of fact is given much discretion to make an award which will reasonably compensate the injured person for the loss. LSA-Civil Code Art. 1934; Brantley v. Tremont & Gulf Ry. Co., 226 La. 176, 75 So.2d 236; White v. Robbins, La.App. 3 Cir., 153 So.2d 165, and cases therein cited.
We are unable to say that the trial jury award of $900 for future medical treatment, maid services, and pain-relieving medicine constituted an abuse of the fact-trier's discretion under the circumstances shown by this record.
3. The policy limits: Bodily injury liability.
The defendant insurer (Netherlands Insurance Company) was cast solidarily with *344 its insured (the codefendant Martin) for the full amount of the recovery of the plaintiffs: $7,000 general damages for the plaintiff wife, plus $2,000 special damages for the plaintiff husband; a total of $9,000.
We note, however, that this recovery exceeds the policy limits insured by Netherlands and that therefore the judgment must be amended so as to restrict its liability for bodily injury liability to its $5,000 policy limits, plus all costs, together with legal interest upon the entire[2] amount of the judgment until paid.
The Netherlands policy is a 1958 Combination Automobile Policy insuring Martin during the policy's term against liability arising out of the operation of the insured automobile, up to five thousand dollars per person or to a total of ten thousand dollars per accident for bodily injury damages, and up to five thousand dollars per accident for property damage liability. (In short, it is the type of liability contract denoted by standard legalese as a "5/10/5" policy.)
The policy unambiguously provides that the stated ($5,000) limit of bodily injury liability for "`each person' is the limit of the company's liability for all damages, including damages for care and loss of services, arising out of bodily injury * * * sustained by one person as the result of any one accident * * *."[3] (Italics ours.)
Under this type of insuring agreement, the total recovery of damages for bodily injury liability cannot exceed the stated ($5,000) policy limit insofar as the insurer is concerned, even though the award recoverable by reason of one person's bodily injury may include consequential damages sustained by a second person (such as a husband or parent) and recoverable by the latter from the tortfeasor as having resulted from the tort causing bodily injury to the first person. In summary, although two persons may suffer recoverable damages as a result of one person's bodily injury, the applicable policy limit is the lesser amount stated as applicable to the recovery of damages arising out of "one person's" bodily injury rather than the greater amount provided as applicable for the maximum bodily injury liability resulting from any "one accident."
See: In re Employers' Liability Assur. Corporation, 180 La. 406, 156 So. 447; Guarisco v. Swindle, La.App. 1 Cir., 132 So.2d 643, certiorari denied; 15 Couch on Insurance 2d, Section 56.44; 8, Appleman, Insurance Law and Practice, Section 4891 (1962 revision). See also: Lowery v. Zorn, 184 La. 1054, 168 So. 297; Younger v. Bonin, La.App. 3 Cir., 149 So.2d 452.
The total recovery in principal amount against the insurer Netherlands for bodily injury must thus be limited to the five thousand dollar limit applicable to damages arising out of bodily injury to one person. Under the policy provisions, the total recovery against the insurer by husband and wife together cannot exceed the policy limit of five thousand dollars applicable to bodily injury caused by accident to one person. Accordingly, as against the *345 insurer, the $7,000 award to the wife and the $2,000 award to the husband are subject to the single policy limit of $5,000 in principal amount insofar as awarded for damages arising from bodily injury to a single person.
4. Insurer's additional property damage liability.
However, although the husband was awarded $2,000 special damages (see footnote 1 above), this amount includes $93.17 for property damage sustained by the community automobile. (No part of the wife's award is for property damage.)
In addition to the $5,000 limit for bodily injury sustained by each person for damages sustained through bodily injury (Coverage ABodily Injury Liability), the insurer Netherlands afforded additional coverage by which it agreed to pay up to $5,000 for each accident for damages for which the insured became liable "because of injury to or destruction of property" (Coverage BProperty Damage Liability). Therefore, Netherlands is solidarily liable with its insured for the total of $5,093.17 (being of course $5,000 for bodily injury liability, plus $93.17 for property damage liability). The insurer is liable to the husband alone for this $93.17 property damage liability recovered by him.
5. Allocation between co-claimants of $5,000 recovery against insurer for bodily injury liability.
As noted in 3 above, the insurer Netherlands is liable to the co-plaintiffs husband and wife for a total of $5,000 in principal amount for damages arising from bodily injury. But we must also allocate as between the two claimants the insurer's liability to each of them for the share of the $5,000 to which each is entitled.
As to this, the insurer is liable to each claimant for that proportion of $5,000 which the claimant's recovery for "bodily injury" damages bears to the total amount due to all claimants before the court awarded such damages caused by this accident. Younger v. Bonin and Guarisco v. Swindle, cited above. Since the total recovery of both husband ($1,900)[4] and wife ($7,000) against the insured (Martin) is $8,900 for damages arising from bodily injury, therefore the insurer (Netherlands) is liable to the plaintiff husband in the proportion of 19/89ths and to the plaintiff wife in the proportion of 70/89ths of amounts for which said insurer is cast for such damages.
Decree.
For the foregoing reasons, we amend the judgment below so as to decree that the judgment against the defendant insurer Netherlands shall be limited in principal amount to a total of five thousand ninety-three and 17/100 ($5,093.17) dollars, with the plaintiff wife Mrs. Mattie Bosely Fish being held entitled to recover, in principal amount, seventy-eighty-ninths (70/89ths) of $5,000 and the plaintiff husband Vida Fish being held entitled to recover, in principal amount, nineteen-eighty-ninths (19/89ths) of $5,000 plus $93.17. As thus amended, the judgment is affirmed in all other respects, including its holding that the insurer is solidarily liable with its insured, the defendant Martin, for all costs and for legal interest upon the entire amount of the recovery from judicial demand until paid. The defendants-appellants are to pay all costs of this appeal.
Amended and affirmed.

On Application for Rehearing.
En Banc.
*346 PER CURIAM.
The plaintiffs alone apply for rehearing.
The plaintiffs point out that an endorsement to the Netherlands policy was introduced into evidence, which increased the bodily injury coverage of the policy from $5,000 per person to $25,000 for each person.
We have verified this contention as supported by the evidence introduced at the trial. The additional coverage provided by this endorsement was in effect at the time of the accident.
There is no dispute that, within the coverage of its policy, the insurer Netherlands is solidarily liable with its insured Martin, since the coverage exceeds the full amounts for which Martin is cast ($7,000 in favor of the plaintiff wife and $2,000 in favor of the plaintiff husband). We will by this per curiam opinion amend our original decree to so provide.
For the reasons noted, our original decree is amended so as to provide that we affirm the trial court judgment holding the defendant insurer, The Netherlands Insurance Company, solidarily liable with its insured, Joseph I. Martin, for all amounts for which the plaintiffs are allowed recovery. As thus amended, our original decree is reinstated. The plaintiffs' application for rehearing is denied.
Since the decree is amended to the prejudice of the Netherlands, that defendant-appellee is reserved the right to apply for further rehearing within the legal delay, insofar as it may desire to question the modification of the decree in the respect noted.
Original Court of Appeal decree amended so as to provide for full affirmance of trial court judgment; application for rehearing denied.
NOTES
[1] In round figures, these proven expenses include: the attending physician's statement, $300; community automobile damage, $100; hospitalization costs, $250; maid service, $400; back brace, $25. We are not including an unitemized bill of $200 for drugs (which the trial court disallowed as insufficiently proved), and an $81 statement for hospitalization for a fall (which the defendant denies resulted from the back injury) and other contested expenses.
[2] See Supplementary Payments agreement of insured's policy; also Doty v. Central Mutual Insurance Co., La.App. 3 Cir., 186 So.2d 328, 333-335, certiorari denied.
[3] "3. Limits of LiabilityCoverage A: The limit of bodily injury liability stated in the declarations as applicable to `each person' is the limit of the company's liability for all damages, including damages for care and loss of services, arising out of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by one person as the result of any one accident; the limit of such liability stated in the declarations as applicable to `each accident' is, subject to the above provision respecting each person, the total limit of the company's liability for all damages, including damages for care and loss of services, arising out of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by two or more persons as the result of any one accident."
[4] The husband was awarded $2,000. Of this, $93.17 was for property damage and the remaining $1,906.83 for damages arising from bodily injury. The figure "$1,900" for bodily injury is used as the nearest whole number from which workable fractional figures can be devised to allocate proportionate liability to each claimant.