ON REHEARING
We granted rehearing in this case as to both parties and restricted our consideration to matters contained in the record and in briefs and arguments previously submitted.
Plaintiffs-appellants reurge their argument that the pro rata clause in each of the three policies issued by Southern Farm Bureau to the Grahams should not be invoked so as to reduce the liability under each policy by two-thirds. Such clauses, it is contended, are mutually repugnant and should be read out of the contracts. We are not persuaded that the reasoning in our original opinion was erroneous in that respect. Our law required only that an insured under uninsured motorist coverage shall be entitled to the minimum limits of $5,000.00 per person per accident for bodily injury, but an insurer is not prohibited from inserting clauses in the policy to preclude further recovery. L.R.S. 22:1406 D(l); L.R.S. 22:620A.
However, defendant-appellee Southern Farm Bureau has pointed out language in its policies which was not cited in original brief and which we failed to consider in our original decision. All three policies, which were made a part of the record, contain the following clause:
“LIMITS OF LIABILITY
The limit of liability for uninsured motorists coverage stated in the schedule as applicable to ‘each person’ is the limit of the company’s liability for all damages, including damages for care or loss of services, because of bodily injury sustained by one person as the result of any one accident and, subject to the above provision respecting each person, the limit of liability stated in the schedule as applicable to ‘each accident’ is the total limit of the company’s liability for all damages, including damages for care or loss of services, because of bodily injury sustained by two or more persons as the result of any one accident. * * * ” (Emphasis ours)
In the instant case, there was only one accident and only one person, Sue Nell Gra *377 ham, sustained bodily injury as a result thereof. Our error was in finding that, because Mr. Graham suffered loss as a result of her bodily injury in the accident and had a legally separate cause of action, Southern Farm Bureau was liable to him as a separate insured. However, it is clear from the policy language quoted above that the company’s liability is limited to a total of $5,000.00 where only one person sustains bodity injury, regardless of the fact that the law recognizes a separate right and cause of action against the tortfeasor in favor of a second person (such as a husband or parent) who has suffered loss as a result of the injury to the first person. This same reasoning was applied in Fish v. Martin, 201 So.2d 341 (3rd La.App. 1967), wherein Judge Tate, writing for the Court, concluded as follows:
“In summary, although two persons may suffer recoverable damages as a result of one person’s bodily injury, the applicable policy limit is the lesser amount stated as applicable to the recovery of damages arising out of ‘one person’s’ bodily injury rather than the greater amount provided as applicable for the maximum bodily injury liability resulting from any ‘one accident.’ ” 201 So.2d 344.
See also Fruge v. American Service Mutual Insurance Company, 227 So.2d 646 (3rd La.App. 1969).
For the above and foregoing reasons, our original decision amending the judgment of the trial court is rescinded and that judgment of the trial court limiting the total award against Southern Farm Bureau Casualty Insurance Company to $5,000.00 is reinstated and affirmed. The costs of these proceedings shall be borne by plaintiffs-appellants.
Original decision rescinded, judgment of trial court affirmed.