SARTAIN, Judge.
The wife and three minor children of plaintiff Earl J. Boudreaux were involved in an automobile accident about 4:00 p.m. on September 9, 1968, in Donaldsonville, when the car in which they were riding was struck from the rear by defendant Frank Trípode. The liability of Trípode and defendant Continental Insurance, his liability insurer, is admitted and the damages claimed are within the policy limits.
Earl Boudreaux was awarded $249.68 for total medical expenses incurred by his family and this amount is not contested. A daughter, Marilyn, was awarded $50.00 for pain and suffering resulting from a bruised elbow and this amount is not contested.
This appeal is limited to the issue of the amounts awarded for mental anguish, pain and suffering to the wife, Mercedes Boud-reaux, and a daughter, Carol Ann, each of whom had medical expenses of $112.34. The trial judge awarded to Mrs. Boud-reaux the sum of $3,000.00 and to Carol Ann the sum of $2,500.00. Appellants contend that a comparative analysis of quantum in cases involving similar injuries reveals that these amounts are excessive to such an extent that the trial judge has abused the discretion which he admittedly has in making such awards. We do not agree and thus affirm the judgment of the trial court in these awards.
The physical injuries sustained by Mrs. Boudreaux and Carol Ann were similar. The examining doctor found the typical whiplash symptoms of a cervical neck sprain, muscle spasms and recurring, intermittent pain. His opinion was that, while such injuries are seldom dangerous, they are very painful and lead to a lot of discomfort. X-rays were taken but the results were within the normal limits. Following periodic examinations of both for about six weeks, the doctor discharged Carol Ann, although he saw her again about three months later for neck pains and gave her some muscle relaxers. Carol Ann had worn a neck brace for about three weeks following the accident and then later on for a few days when her neck gave her more trouble. After her initial upset and rather severe pain, Carol Ann appears to have improved steadily until her discharge by the doctor on October 22, 1968, although her recurring neck pains in January of 1969 substantiated the doctor’s testimony that the ultimate duration of such recurring pains is entirely unpredictable. She also continued to take aspirin for periodic headaches.
Mrs. Boudreaux appears to have experienced more severe pain from time to time, although she never used a neck brace, and there were periods of a day or two when she was unable to do normal housework or to take care of the children due to such pain and discomfort. About three months after the accident, while shopping in Baton Rouge, she had a recurring neck pain of such intensity that she returned immediately to Donaldsonville. Her doctor insisted that she see an orthopedist for further examination. In addition to her physical injuries, Mrs. Boudreaux has become quite nervous since the accident about driving or riding in an automobile. Although she had previously been receiving treatment for high blood pressure, the anxieties relative to automobiles appear to have manifested after the accident.
*587 On the question of quantum, counsel for both parties have cited numerous cases involving similar injuries. The authorities cited by appellants reflect awards lower than those rendered in the case at bar. On the other hand, the authorities cited by ap-pellees are higher than the present awards. Our own individual research has likewise revealed cases in various amounts. All of these authorities are indicative of the wide discretion vested in the trier of fact in assessing damages. They are relevant only insofar as they indicate an abuse of that discretion. Fish v. Martin, 201 So.2d 341 (3d La.App., 1967).
While we recognize that the awards in the instant case range on the high side they are not in our opinion excessive nor do they reflect an abuse of discretion on the part of the trial judge.
Accordingly, we cannot say that the awards made in this case are disproportionate or excessive as to warrant a reduction on our part. Accordingly, the judgment appealed from is affirmed at defendants’-appellants’ costs.
Affirmed.