SARTAIN, Judge.
This action arose out of an automobile accident which occurred on August 24, 1968, at the intersection of the Airline Highway (U.S. 61) and the Old Hammond Highway in East Baton Rouge Parish. The trial judge held that defendant Doucet was .solely responsible for the rear-end collision, finding that he ran into the rear of the Schibler car while it was stopped at a red light. Mr. Schibler sued for personal injuries sustained by his wife and for medical expenses and other damages incurred by the marital community.
The finding relative to liability is not contested on appeal but the defendant does question two items of damages awarded by the trial judge. Mr. Schibler recovered $335.45 which he paid a car rental agency for a replacement car during the month following the accident. The defendant contends that Mr. Schibler’s uncorroborated testimony relative to the time required for the repair of his car or the necessity for the rental of a car for a month is insufficient to prove the claim. Mrs. Schibler was awarded $4,750.00 for whiplash type injuries, “a moderate plus cervical strain and a mild low back strain”, which amount the defendant claims is excessive.
On the item of car rental expense, the record shows that the repairs to Mr. Schibler’s car amounted to $832.91, which he had already recovered at the time of trial. Defendant’s liability insurer, Allstate Insurance Company, had reimbursed Schibler’s collision insurer $732.91 and had paid Schibler his deductible amount of $100.00. There is nothing in the record to indicate how long the repairs actually took or what a reasonable time therefor might have been. Mr. Schibler did testify that he rented a car for approximately one month and that he needed to do so to drive to work each day. However, there is a rather glaring discrepancy in this respect. He stated that he lived in Metairie and drove each day to Convent, Louisiana, where he was employed as an engineer with Freeport Chemical Company. He estimated the distance to be fifty miles each way. Nevertheless, the car rental receipt shows that the mileage driven from August 28 to September 29 was only 504 miles, or about the equivalent of five round trips to work. There is nothing to indicate that he did not work during most of the month in question and, on the contrary, it is apparent that he had other transportation available. We must agree with the defendant-appellant that the need for the car rental was not sufficiently proved under these circumstances and that the trial judge erred in allowing recovery of that expense.
The remaining issue is whether the award of $4,750.00 for'Mrs. Schibler’s injuries was so excessive as to constitute an abuse of the discretion which the trial judge admittedly has in this respect. The only medical testimony in the record was the deposition of her treating physician, Dr. James E. Weilbaecher, Jr. He characterized her injuries as a “moderate plus” cervical strain and a mild low back strain. She was hospitalized two days after the accident and placed in cervical traction for six days. After her discharge she was seen at least fifteen times by the doctor during the next *207 fourteen months. During this time she complained of pain and tenderness over the C-2 and C-3 vertebrae and periodic headaches. She required a great deal of medication to relax muscles and ease pain as well as a corset for her back pain. For most of the year she used traction almost daily, although she said she was feeling improved and the pains became more intermittent within eight or ten months.
Mrs. Schibler was involved in a second accident about fourteen months after the one involved in this suit and her injuries were aggravated. Nevertheless, Dr. Weilbaecher was of the opinion that she would have made a complete recovery in three to six more months if the second accident had not occurred. The trial judge was careful to note the fact of the second accident and limited his findings as to Mrs. Schibler’s injuries to those caused by the first accident. We are not persuaded that the judge improperly considered the subsequent aggravation of her injuries in assessing her damages. Neither do we think that the award of $4,750.00 reflects an abuse of discretion. This court recently affirmed awards of $3,000.00 and $2,500.00 for basically the same type of injuries but which were less serious and required no hospitalization and which lasted a substantially shorter duration of time. Boudreaux v. Continental Insurance Company, 242 So.2d 585 (1st La.App., 1970). As we noted in that case, a review of the authorities in this area reveals a rather wide range of awards and is indicative of the wide discretion vested in the trier of fact in assessing damages. C.C. Art. 1934(3).
For the above and foregoing reasons, the judgment of the lower court is amended to reduce the award in favor of plaintiff, Charles G. Schibler by the amount of $335.-45, which represents his expense for the rental car, and as amended the judgment is affirmed at defendants-appellants’ costs.
Amended and affirmed.