GULOTTA, Judge
(concurring in part, dissenting in part).
I concur with the majority in its conclusion affirming the judgment of the trial court on the question of liability; however, I respectfully dissent regarding the question of quantum. The amount of the awards by the trial judge, in my opinion, are inadequate.
According to the testimony of Dr. Emile A. Bertucci, Mrs. Clara Williams was first seen on January 14, 1969. She complained of pain in the area of the neck and low back. Examination revealed that muscles on the left side of the neck showed marked spasm and flexion was limited to 80 percent. Pain was experienced in this area when turning the head left and right. There was also considerable tenderness of the lumbar area and in the lower back. X-rays revealed loss of the normal cervical lordotic curve. Dr. Bertucci stated that the vertebra was straighter than usual indicating muscle spasm.
The diagnosis was “sprain of the para-vertebral muscles most marked on the left side. This is the neck sprain with the muscles and the strain of the paravertebral low back area and an acute lumbar strain at the function of the lumbar area”.
Mrs. Williams was treated periodically with diathermy until June 14, 1969, and advised to use a brace. She returned eight months later complaining of recurring neck and back pain. Dr. Bertucci said that her recurring discomfort was related to the muscle injuries sustained in the accident and that recurring problems are quite common with this type injury. He indicated *331 the probability oi Mrs. Williams having future difficulties.
James was also seen by Dr. Bertucci on January 14, 1969. He complained of tenderness of the neck and difficulty with movement in any direction without resultant pain. A slight muscle spasm was noted on both sides of the neck. His symptoms continued or increased, and he returned for subsequent visits through March, 1969.
Dr. Bertucci testified that George had some tenderness in both paravertebral muscles in the cervical area. He also had a mild flexion extension injury to the cervical spine.
In view of the foregoing, I am of the opinion that the injuries received warrant an increase in award so as to adequately compensate the parties. While the trial judge is afforded broad latitude and discretion in the determination of quantum, the amount awarded in my view is woefully inadequate[1] and constitutes an abuse of discretion. Accordingly, I respectfully dissent.

. Fish v. Martin, 201 So.2d 341 (La.App. 3rd Cir. 1967).