BLANCHE, Judge.
This suit arose out of an automobile accident which occurred on January 5, 1970, on a rainy morning at approximately 8:45 A.M. in the City of Donaldsonville, Parish of Ascension, State of Louisiana. Plaintiffs, Anthony J. Milano, Jr., and Beulah R. Milano, his wife and driver of the auto *95 mobile, filed suit against the defendant, Jerome J. Poree, Sr., and his liability insurer, General Accident Fire and Life Assurance Corporation, Ltd., to recover for personal injuries and property damages. Plaintiff, Beulah R. Milano, was proceeding in a westerly direction on Nichols Street in her husband’s 1969 Ford automobile while defendant, Jerome J. Poree, Sr., in his 1958 Mercury automobile was driving in a southerly direction on Houmas Street. The accident occurred when Poree emerged out of Houmas Street while attempting a left turn in order to proceed in an easterly direction on Nichols Street.
At the conclusion of the trial the trial judge gave judgment for plaintiffs and took the case under advisement for the purpose of determining the amount to be awarded Mrs. Milano for her personal injuries. Ultimately, judgment was rendered in her favor for $3,000, and judgment was rendered in favor of Mr. Milano for $574.-51 for medical expenses and property damage to his automobile.
On appeal the defendants assign as error the trial judge’s failure to find Mrs. Mil-ano guilty of contributory negligence and awarding excessive damages to Mrs. Mil-ano. We affirm.
Mrs. Milano testified that she was proceeding slowly through a school zone, and as she reached the point where Houmas Street and Nichols Street form a “T” intersection, the defendant pulled out of Houmas Street in front of her. She did not observe Poree until he entered her lane of traffic, and though she immediately applied her brakes, she could not avoid the accident. She also testified that there was a school zone sign in the center of the intersection and that Poree drove to the left of the sign, thus indicating that the defendant Poree took a sharp left turn to cut across the intersection. She described the Poree vehicle as “coming towards me” as she was in her proper lane of traffic.
The investigating officer fixed the point of collision in Mrs. Milano’s lane of traffic. A diagram which was offered in evidence and made by the officer shows the point of collision was in Mrs. Milano’s lane. From the position of the vehicles as shown thereon it is obvious that Mr. Poree cut across the intersection. With regard to the physical damage to the automobiles, the left front of the Poree vehicle made contact with the front of the Milano vehicle. There was extensive damage to the Milano vehicle and little or no damage to the Poree vehicle.
The defendant denies that he drove to the left of the school zone sign in the middle of Nichols Street and denies that there was such a sign in place at the time of the accident. He contends that he stopped for the stop sign on Nichols Street but could not see around a car which obstructed his view of traffic proceeding in a westerly direction on Nichols Street. He also testified that because he could not see around this automobile and because it was raining, he proceeded slowly into the intersection, then traveled fifty feet and came to a stop when he noticed Mrs. Milano approximately twenty-five feet away. Therefore, he contends that she could have avoided the collision had she been keeping a proper lookout. This testimony is contradicted by the testimony of Mrs. Milano and the physical evidence which shows that the accident occurred in the intersection and in Mrs. Milano’s lane of travel.
The trial judge gave no reasons for giving judgment in plaintiffs’ favor, but the evidence indicates to us that the defendant failed to keep a proper lookout and as a result thereof failed to yield the right of way to the Milano vehicle which was proceeding on a right of way street into the intersection.
LSA-R.S. 32:123, subd. B provides in part that:
“B. * * * [Every] driver and operator of a vehicle approaching a stop intersection indicated by a stop sign shall stop before entering the cross walk on the near side at a clearly marked stop *96 line, but if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering the intersection. After having stopped, the driver shall yield the right of way to all vehicles which have entered the intersection from another highway or which are approaching so closely on said highway as to constitute an immediate hazard.”
Defendant Poree’s conduct was in violation of the foregoing statute and constitutes negligence which was the cause in fact of the accident.
The trial judge gave written Reasons for Judgment in support of the award for damages .to Mrs. Milano from which we quote approvingly as follows:
“At the time of the accident Mrs. Mil-ano did not think that she had been injured to any significant extent and consequently did not consult a physician immediately. However, within a short time after the accident she began experiencing headaches and pain radiating from the base of the skull and neck, which pain increased in intensity until she was forced to consult Dr. Musso some ten days following the accident.
“Dr. Musso made X-rays on January 16th and again on April 3, 1970, which were essentially negative. He did however find 'muscle spasm and tension in the whole entire neck area, chest area, and lower lumbar area.’ (Deposition, page 4) He treated her over a period of some six months or until July 27, 1970, when she was discharged with a prognosis of no permanent disability. During this six month period the plaintiff was in considerable pain and developed a severe fear of driving or riding in automobiles.
“Dr. Musso further testified that Mrs. Milano had been a patient of his prior to the accident, and that he believed her complaints of pain to be genuine. (Deposition, page 8)
“In summary the plaintiff suffered a mild cervical sprain which caused her moderately severe pain over a period of some six months and resulted in nervousness and anxieties associated with automobiles, but no residual permanent disability. The sum of $3,000.00 will adequately compensate her for her pain, suffering and anxiety. Boudreaux v. Continental Insurance Co., 242 So.2d 585 (La.App. 1st Cir. 1970).” Reasons for Judgment, Record, pp. 33, 34)
The foregoing statement made by this court in the Boudreaux case, referred to hereinabove by the trial judge, may be paraphrased as follows: While we recognize that the award in the instant case ranges on the high side, it is not in our opinion excessive nor does it reflect an abuse of discretion on the part of the trial judge.
Accordingly, the judgment appealed from is affirmed, at the cost of defendants-appellants.
Affirmed.