WORCESTER AND SUBURBAN STREET RAILWAY COMPANY
vs. TRAVELERS INSURANCE COMPANY.

Worcester.   September 30, 1901. — January 3, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, BARKER,
HAMMOND, & LORING, JJ.

*Insurance*, Against liability.   *Contract*, Construction.

A policy insuring a street railway company "against loss from liability to every
person who may" during a period named "accidentally sustain bodily injuries"
on the railway of the insured "under circumstances which shall impose upon
the insured a common law or statutory liability for such injuries," does not
cover the case of a person who dies instantly and without conscious suffering in
consequence of an accident for which the railway company is liable.   MORTON
& BARKER, JJ. dissenting.

CONTRACT by a street railway company upon a policy insuring
the plaintiff "against loss from liability to every person who may,
during a period of twelve months, from twelve o'clock meridian
of August 18, 1898, accidentally sustain bodily injuries while
travelling on any railway of the insured, or while in a car or
upon the railway bed, or other property of the insured, under
circumstances which shall impose upon the insured a common
law or statutory liability for such injuries," to recover sums of
money which the plaintiff had paid under its statutory liability
for the deaths of certain persons named who died instantly and
without conscious suffering in consequence of bodily injuries
accidentally sustained while travelling on the railway of the
plaintiff and in one of its cars.   Writ dated August 13, 1900.

The defendant demurred, and the case came on to be heard in
the Superior Court, before *Gaskill*, J., who overruled the de-
murrer and ordered judgment to be entered for the plaintiff in
the sum of $14,963.91, and, at the request of the parties, reported
all questions of law raised upon the declaration and demurrer for
the determination of this court.   If no error was found, final
judgment for the plaintiff was to be entered for the sum named
with interest.   If error was found, final judgment was to be
entered for the defendant.

The case was submitted on briefs at the sitting of the court in September, 1901, and afterwards was submitted on briefs to all the justices.

*H. Parker & C. C. Milton*, for the defendant.

*B. W. Potter & R. A. Stewart*, for the plaintiff.

LATHROP, J. By the terms of the policy the defendant insured the plaintiff " against loss from liability to every person who may, during a period of twelve months " from a time named, " accidentally sustain bodily injuries while travelling on any railway of the insured, or while in a car or upon the railway bed, or other property of the insured, under circumstances which shall impose upon the insured a common law or statutory liability for such injuries."

The question presented is whether the terms of the policy are broad enough to cover the case where a person who is a traveller on the plaintiff road dies instantly and without conscious suffering, in consequence of an accident for which the plaintiff is responsible. The plaintiff contends that the terms are sufficiently broad. The defendant contends that the policy is satisfied by limiting the words used to cases of bodily injuries sustained, for which the plaintiff is liable, either at common law or by statute, to the person sustaining the injury, or to his executor or administrator, if the injured person survives the injury and subsequently dies.

The diligence of counsel has furnished us with no case in which a policy in the terms of the one before us has been construed, and we are obliged to consider the case mainly upon general principles.

It may be conceded that the policy is to receive a reasonable construction, in view of the plaintiff's business; *Mandell* v. *Fidelity & Casualty Co.* 170 Mass. 173; but when we have said this we have not advanced very far, for it is obvious that the parties may not have intended that all the risks incurred by the plaintiff as a common carrier of passengers should be covered. Whatever was their actual intention, we are obliged to determine the intent from the natural meaning of the language used, viewed in the light of the attendant circumstances.

It is plain that an accident insurance policy may insure a person against an injury caused by an accident, or against

death resulting from an accident, or it may combine the two. All these forms are or have been in use. It cannot be said, therefore, that in the policy before us death is necessarily included.

In this Commonwealth there is no common law liability for death. *Carey* v. *Berkshire Railroad*, 1 Cush. 475. *Moran* v. *Hollings*, 125 Mass. 93. Nor is there any statute which gives a right of action for the death of a person to his executor or administrator as an asset of the estate. In all the statutes which have allowed an executor or administrator to bring an action on account of the killing of a person by the negligence of a corporation or its servants, the action is for the benefit of the widow, children or next of kin. Pub. Sts. c. 112, § 212. St. 1886, c. 140. St. 1887, c. 270. St. 1898, c. 565.

An action for a personal injury, which has accrued to a person in his lifetime, survives, since the St. of 1842, c. 89. Pub. Sts. c. 165, § 1. But there is nothing in the statutes above cited which recognizes any right of survivorship in case of death. The power to recover in such a case was first given by an indictment, and a fine was imposed for the benefit of the widow, etc., of the deceased. While an action of tort was afterwards allowed, the relief obtained was devoted to the same use, and not to the estate of the person killed.

The difference between the right to recover for an injury and for a loss by death has been recognized in our decisions. Thus under the St. of 1879, c. 297, which gave, among other things, a right of action to a wife, injured in her means of support by reason of the intoxication of her husband, against a person causing the intoxication, it was held that no action lay for death caused by intoxication. *Barrett* v. *Dolan*, 130 Mass. 366.

The Pub. Sts. c. 52, § 17, give a right of action not exceeding $1,000 to the executor or administrator of a person killed by reason of a defect or want of repair in a highway, etc., for the use of the widow and children. Section 18 gives a right of action to a person who " receives or suffers bodily injury " under similar circumstances. These two actions are independent; and both may be maintained, if warranted by the evidence. Thus in *Bowes* v. *Boston*, 155 Mass. 344, 349, it was said by Mr. Justice Knowlton: " The right to recover damages suffered in his

lifetime by one who dies from an injury received on a highway survives to his administrator for the benefit of his estate, and the damages are estimated on the theory of making compensation. . . . The action by an administrator, under § 17, on account of his intestate's loss of life, is to recover a sum not exceeding $1,000 for the benefit of the widow and children or of the next of kin of the deceased, to be estimated according to the degree of culpability of the defendant. Both actions, under the statute, may proceed at the same time, on independent grounds and for different purposes."

We are not aware of any legislation in this Commonwealth giving a right of recovery for personal injuries, which has been construed to give a right of action for death. Nor are we aware of any legislation giving the right of recovery for death, in which the fact of bodily injury to the deceased is made an element in the computation of damages. The statutes generally give damages for death between certain fixed limits, according to the degree of culpability of the defendant. They give a new right of action to the executor or administrator, and not a right of action to the deceased, which goes to the executor or administrator by survival only. *Commonwealth* v. *Boston & Lowell Railroad,* 134 Mass. 211, 213. *Littlejohn* v. *Fitchburg Railroad,* 148 Mass. 478, 483. *Mulhall* v. *Fallon,* 176 Mass. 266, 268.

By the terms of the policy the plaintiff is insured against loss from liability to every person who may accidentally sustain bodily injuries, under circumstances which impose upon the insured a common law or statutory liability for such injuries. The liability is to a person who sustains bodily injuries, and such person must have a right of action therefor, either at common law or by statute. The policy cannot include the case of death, for which the person never had a right of action.

According to the terms of the report the order must be, in the opinion of a majority of the court,

*Judgment for the defendant.*

MORTON, J. I regret that I am unable to agree with the majority of the court. The question is one of construction, and is whether, in the language of Lord Cairns, in *Sackville-West* v. *Holmesdale,* L. R. 4 H. L. 543, 574, we shall servilely follow

the literal sense of the words used, which I agree can be done, or whether we shall construe them liberally, and in a manner more in accord with the nature of the contract and the situation of the parties.   It seems to me that the latter course should be followed.

The contract is one of indemnity against loss from liability for personal injuries caused by accidents for which the plaintiff was responsible, and the precise question is whether the liability of the plaintiff, which is a street railway company, for damages for death caused by its negligence, comes fairly within the terms of the policy.   At common law damages for death caused by the negligence of another person were not recoverable.   But such damages are now recoverable by statute in this State and in other States in many cases, and in England generally, and it seems to me that that fact should be borne in mind in construing the policy before us.   Pub. Sts. c. 52, § 17, c. 112, § 212.   St. 1886, c. 140.   St. 1887, c. 270, § 2.   St. 1898, c. 565.   St. 9 & 10 Vict. c. 93.   Sedg. Dam. § 571.

It is undoubtedly true that such damages do not constitute, generally speaking, assets of the estate of the deceased, and that the right of action is a new one.   But it does not follow that the liability to loss on account of personal injuries which is insured against may not be fairly construed to include such damages. Parties well may be supposed to contract with reference to new conditions, though they use the old terms, and the old terms will be given a new content if they fairly admit of such a construction and such appears to have been the intention of the parties.   The ground on which damages for death are allowed is that a person causing the death of another by his negligence should not be suffered to escape liability therefor. And whether the damages assessed are awarded according to the culpability of the defendant as in the employer's liability act in this State, or according to the pecuniary loss sustained by the family of the deceased as in the English act, they go in fact, though not in terms, to those to whom the estate of the deceased passes at his death.   The fact, therefore, that such damages do not, strictly speaking, constitute assets of the estate of the deceased person would not seem to be of vital consequence, if we look at substance rather than form.   There can be no doubt that

it is and was well understood by street railway companies and by liability insurance companies, that damages for death caused by the negligence of the railway companies are recoverable in actions against them therefor.   It is obvious that there can be no good reason why a railway company should wish to protect itself against liability for damages when the injury did not result in death, and not against liability for damages for death.   Of course, a contract is not be construed according to the understanding of one party to it.   But it is equally obvious, I think, that the matter would present itself in the same light to an insurance company.   It seems to me, therefore, that the words in the policy, "against loss from liability to every person who may," etc., should be construed as meaning "liability in respect to every person who may," etc., and as having regard, not to the extent of recovery, or the nature of the remedy, but to the subject of the injury.   The application, which is made a part of the policy, begins by saying that the railway company applies for a railway policy.   The policy that was issued is entitled, "Street Railway Liability Policy."   Evidently a railway liability policy was and is a well known form of insurance.   Assuming, as we are bound to do, good faith on the part of the insurer and insured, it is difficult, it seems to me, to believe that as business men those in charge of railway and insurance companies could have intended or understood the insurance to have the partial character given to it by the majority of the court.   The application goes on to provide that, "if the applicant shall fail to comply with the requirements of any law, by-law, or ordinance respecting the safety of persons, the policy shall not cover injuries resulting from such failure."   There is nothing here to show that death resulting from the failure spoken of was not one of the injuries contemplated.   It would be an extraordinary construction to say that the safeguards provided for related to lesser injuries, but not to death.   In the statements contained later in the application in regard to persons injured and suits against the road for damages and apparently required of the plaintiff by the defendant, there is nothing which tends in the least to show that cases of death were in fact excluded or were intended to be excluded in considering the nature of the risk or the liability insured against.   The application contains nothing, I think,

which, fairly construed, excludes from or does not include in the insurance applied for the liability for damages for death. Neither is there anything in the policy, it seems to me, which requires a construction of the words describing the risk that will exclude liability for damages for death. Such a liability as already observed is a statutory one. But the policy expressly provides that the liability insured against shall include statutory as well as common law liabilities. Amongst the conditions contained in the policy and to which the insurance was subject were the following: that the defendant's liability shall not exceed $20,000 "for all injuries . . . consequent upon any one accident"; that "this policy shall not take effect unless the premium is paid previous to any accident under which claim is made"; that "this insurance does not cover claims upon which suit shall be commenced after six years from the date of the accident"; that in case of loss covered by other like insurance the company shall be liable only for its *pro rata* share, and shall be subrogated to the plaintiff's rights against any third person ; and that immediate written notice shall be given of any accident and of all claims made by injured persons with all the information in the plaintiff's possession relating to the accident or any claim made on account thereof. These provisions, which contain the more important conditions, are, to say the least, as consistent with the view that damages for death are included in the risk as with the view that they are not. "Accidents," "injuries," "claims" and "losses" are spoken of without distinguishing between cases in which the accident or injury resulted in death and cases where it did not, or between claims which included damages for death and those which did not. Of course it may be said that when the risk has once been defined all other provisions in the policy are to be construed as relating to the risk so defined. But the question in this case is what was the risk that was insured against; and in answering that question, the nature of the contract, the provisions contained in the application and policy, and the effect of the construction contended for on the one side and the other, are all, I think, to be taken into account. The effect of the construction adopted by the majority of the court will be to limit the plaintiff's right of recovery in respect to statutory liabilities to cases where a right

of action has been given by statute to persons injured and passes by statute on their death to their executors or administrators. It will exclude a class of cases, equally important to say the least, in which a right of action has been given to the executor or administrator or to the widow or next of kin to recover damages for the death of a person injured by the negligence of a railway company. Such a construction does not seem to me to be a reasonable one. It is said that bodily injuries do not include death. But, as already observed, the matter is one of construction. There is nothing in the words themselves to prevent them from being so construed, if it is apparent that the parties so used them. Moreover, it is provided by the employers' liability act, that, if the death is preceded by conscious suffering, or is not instantaneous, damages for the death may be recovered by the executor or administrator in the action for personal injuries. St. 1892, c. 260, § 1. The use and construction of the words in the policy as including death and the liability to loss for damages for death is therefore warranted by the statute.

For these reasons it seems to me that the ruling was right and that the judgment should be affirmed.

Mr. Justice BARKER concurs in this opinion.