RYAN, Respondent, v. FRIEDE, by Guardian *ad litem,* and another, Appellants.

*October 29—November 27, 1962.*

For the appellants there was a brief by *Arno J. Miller* of Portage, and *Charles P. Curran* of Mauston, guardian *ad litem,* and oral argument by *Mr. Miller.*

For the respondent there was a brief by *Robert Dougherty* of Wisconsin Dells, attorney, and *Rogers & Owens* of Portage of counsel, and oral argument by *Mr. Dougherty* and *Mr. Phillip Owens.*

WILKIE, J. The sole issue in this case is whether or not the defendant-insurer can claim that its liability is limited to $10,000 (rather than $20,000) due to the fact that the plaintiff, in effect, is the only one damaged as a result of the defendant-insured's negligence, although two persons were injured in the single accident (one of the injured dying instantly).

Under sec. 331.04, Stats., there is no question but what the plaintiff, John Ryan, can bring an action for the wrongful death of his wife. This is undisputed. Under sec. 331.04 (2), the amount recovered under the wrongful-death

statute shall be paid to the spouse of the deceased, if there are no surviving minor children. (None here.) In this case, therefore, any amount recovered under the wrongful-death statute properly belongs to the plaintiff, John Ryan. Furthermore, there is no question that the plaintiff has a cause of action against the defendants for his own injuries. In other words, two persons were injured and there were two causes of action, both vested in the plaintiff.

The court awarded the plaintiff $18,500. If the defendant-insurer is found to be liable to the extent of $20,000, then the amount of the judgment will be recovered from the defendant-insurer *in toto*. However, if the defendant-insurer is found to be liable to the extent of only $10,000, then, because of the stipulation, judgment will be entered only for $10,000 and the defendant-insurer will pay that judgment.

The trial court, looking at the entire policy, concluded that the greater limits of $20,000 applied and reasoned as follows:

"Defendant's counsel conceded in oral argument that if a child or children of Mrs. Ryan were the beneficiaries under the wrongful-death statute (assuming that Mr. Ryan had subsequently died) that the policy limits would be $20,000. The defendant's contention, then, is reduced to the proposition that while this fact situation involves a 'one accident' limit of liability, the husband is limited to the 'one person' limit. To reach that result, a policy provision must be found that limits the amount that any *one person can recover* from the insurer. The contract is between the insurer and the insured, it cannot limit the liability of the insured to the injured person or to another person who is damaged by reason of the injury, yet if the contract is construed as defendant demands, then the insured would be required to pay $10,000 more damages *personally* to Mr. Ryan than he would be required to pay if the death-statute beneficiary was someone other than Mr. Ryan. This is not the protection the insured purchased. The insurer placed

a limit on its liability and it did so on the basis of the number of persons injured."

Respondent contends that the policy limit of $20,000 applies since there were two persons injured in one accident; appellant insurer contends that the policy limit of $10,000 applies since there is only one person sustaining damages although two were injured. In other words, the question is whether the limits are dictated by the number of persons injured or the number of persons sustaining damage.

The material provisions of the policy are as follows:

The company under "Insuring Agreements agrees . . . subject to the limits of liability, exclusions, conditions, and other terms of this policy:

"I Coverages A . . . Bodily Injury . . . To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of: Coverage A *bodily injury* . . . including death resulting therefrom, sustained by any person, caused by accident and arising out of the . . . use of the automobile . . . ."

Limits of Liability, Coverages A and B "The limit of bodily injury liability stated in the declarations as applicable to *'each person'* is the limit of the company's liability for all damages . . . *arising out of bodily injury* . . . *sustained by one person in any one accident;* the limit of such liability stated in the declarations as applicable to *'each accident'* is, subject to the above provisions respecting each person, the total limit of the company's liability for all damages . . . arising out of *personal injury* . . . including death . . . resulting therefrom, *sustained by two or more persons in any one accident."*

Bodily Injury Liability Limits: "Each person $10,000; each accident $20,000."

If there is any ambiguity in this language, then, as was stated in the case of *Schluckebier v. Arlington Mut. Fire Ins. Co.* (1959), 8 Wis. (2d) 480, 483, 99 N. W. (2d) 705:

". . . in case of ambiguity in such terms, they must be construed against the insurer in accordance with the well-established rule that:

" '. . . in case of reasonable uncertainty, doubt, or ambiguity, courts should construe policies of insurance which are not standard policies, *i.e.,* prescribed by statute, "strictly," or "most strongly" against the insurer.' *Merritt v. Great Northern Life Ins. Co.* (1940), 236 Wis. 1, 5, 294 N. W. 26."

But the respondent's construction and interpretation of the policy provisions does not require any finding of ambiguity and is entirely reasonable, gives the words their ordinary meaning, carries out the reasonable intentions of the parties, and gives effect to all parts of the insurance agreement.

The policy expressly provides for coverage as to "bodily injury . . . including death resulting therefrom, sustained by any person . . . ." Thus it is clear that bodily injury includes death as instantaneously followed when Mrs. Ryan was hit. As to the provisions on policy limits, the language expressly provides that "each person" refers to the damages "arising out of bodily injury . . . sustained by one person in any one accident." It is not damages sustained by one person but bodily injury sustained by one person. The policy also expressly defines what it means by "each accident" again in terms of all damages "arising out of personal injury . . . including death . . . resulting therefrom, sustained by two or more persons in any one accident." Again it is not damages sustained by one person in an accident but damages flowing from bodily injury of two or more persons in a single accident.

Counsel concedes that if Mr. and Mrs. Ryan were both killed and there were several children, then the limit of $20,000 would apply and the two causes of action would be split among the children. The only other circumstance where two or more people are injured or killed in an auto-

mobile accident where an insurer, under appellant insurer's theory, could claim the lower limits of $10,000 rather than the higher limits of $20,000 would be a situation in which the cause of action for wrongful death happened to be in the same person that had another cause of action for his own injuries, *e.g.*, if Mr. Ryan was deceased and an only child of Mrs. Ryan had been with her and had been injured in the same accident that brought her death. We do not agree that the policy provisions so provide or can be so interpreted.

The appellant insurer cites *Worcester & Suburban Street R. Co. v. Travelers Ins. Co.* (1902), 180 Mass. 263, 62 N. E. 364, as authority for its position. This case only held that under the policy of insurance between the defendant insurer and the plaintiff railway company, the insurer was not liable to the insured for the instantaneous death of one of its passengers. The court held that an action based on wrongful death is entirely statutory since none existed at common law. For the plaintiff railway company to recover for the instantaneous death of one of its passengers, it must show a statute which allows such a recovery by the railway, or that such a provision allowing recovery was part of the policy of insurance. The policy did not contain any such provision, nor was there a statute that would allow a recovery in favor of the plaintiff-insured. Therefore, the railway was unable to recover for the instantaneous death of its passenger. Accordingly, this case is of no value in determining the present issue.

The appellant insurer also states that *Nichols v. United States Fidelity & Guaranty Co.* (1961), 13 Wis. (2d) 491, 109 N. W. (2d) 131, substantiates its position. The *Nichols Case, supra,* however, did not decide the question which is now before us. In the *Nichols Case, supra,* as here, two people were injured, one of them fatally. The plaintiff was

the widow of the deceased, his administratrix, and she had a cause of action for her own injuries. She insisted that she should have separate recoveries in two capacities, one as an individual injured and another as administratrix for the wrongful death. As suggested in our opinion, at page 495, she sought the separate recoveries in the two capacities on the theory that under the policies involved, the limit of liability of the insurer would be higher if there were separate recoveries in separate capacities. We decided that the recoveries for personal injuries and for wrongful death were properly combined in a judgment for the plaintiff individually. We, of course, were unable to say whether separation of the recoveries in the two capacities would have had any effect on the applicable limit of liability of the insurers. We said, at page 495: "This question of coverage is not before us as the policies are not in the record." For the same reasons we could not have decided in the *Nichols Case, supra,* the issue here presented, even if it had been urged.

We conclude, therefore, that the policy limit of $20,000 applies since there were two persons injured in the one accident and it does not matter that both causes of action are vested in the same person so that damages are sustained by a single person.

*By the Court.*—Judgment affirmed.