402 So.2d 1259 (1981)
Riley W. MACKOUL, As Administrator of the Estate of Steven A. Mackoul, Deceased, Appellant,
v.
The FIDELITY & CASUALTY COMPANY OF NEW YORK, a Corporation, Appellee.
No. YY-114.
District Court of Appeal of Florida, First District.
August 11, 1981.
Rehearing Denied September 18, 1981.
S. Perry Penland of Penland, McCranie & Shad, P.A., Jacksonville, for appellant.
Richard L. Randle of Slater & Randle, P.A., Jacksonville, for appellee.
THOMPSON, Judge.
The appellant contends that the trial court erred by determining that the underinsured motorist coverage afforded to the appellant by the appellee ("Fidelity") is limited to $100,000. We affirm.
The appellant is the father and personal representative of a child who died as the result of injuries received in an automobile accident. The appellant had previously recovered $30,000, the total limits of the liability coverage of the responsible party. The appellant then brought a declaratory judgment action against Fidelity to determine the limit of underinsured motorist coverage, as provided in Fidelity's policy. That policy afforded uninsured and underinsured motorist coverage with the limits of liability being $100,000 for bodily injuries sustained by any one person, and $300,000 for all damages arising out of any one accident.
The appellant contended that under the wrongful death statute, a separate cause of action existed for the father, the mother, and the estate. Therefore, the appellant reasoned that the limit of liability under *1260 Fidelity's policy was $100,000 as to each of these three parties, with the total limit of liability being $300,000. The trial court dismissed the appellant's amended complaint with prejudice, finding that the policy clearly limited Fidelity's liability to $100,000 for all damages recoverable by the decedent's estate and his parents, since these damages arose from fatal bodily injuries sustained by one person.
The declaration sheet of the policy provides underinsured motorist limits of liability of $100,000 for each person and $300,000 for each accident.
The provisions of the policy relating to the limits of liability of the uninsured motorist coverage provide:
LIMIT OF LIABILITY
The limit of liability shown in the Declarations for "each person" for Uninsured Motorists Coverage is our maximum limit of liability for all damages for bodily injury sustained by any one person in any one auto accident. Subject to this limit for "each person" the limit of liability shown in the Declarations or in this endorsement for "each accident" for Uninsured Motorists Coverage is our maximum limit of liability for all damages for bodily injury resulting from any one auto accident.
This is the most we will pay regardless of the number of covered persons, claims made, vehicles or premiums shown in the declarations, or vehicles involved in the auto accident.
The policy provisions clearly limit the total liability for all damages that can be recovered by all parties for the bodily injury to one person to $100,000. The appellant's contention that each party having a claim arising out of the wrongful death is a separate cause of action and therefore each has a $100,000 limitation is without merit.
In the case of New Amsterdam Casualty Co. v. Hart, 153 Fla. 840, 16 So.2d 118 (1943), the Supreme Court decided a similar question relating to the limits of liability coverage under a policy. In that case, the company had paid its $5,000 liability limits to the injured wife and the husband claimed the policy still afforded coverage for his separate claim for expenses and loss of consortium. The court held that where bodily injury had been sustained by only one person, the limit of liability under the policy was $5,000 for all damages, whether direct or consequential, arising as a result of the bodily injury without regard to whether the damages recoverable were comprehended within one, or several judgments. In the case of Biondino v. Southern Farm Bureau Casualty Insurance Co., 319 So.2d 152 (Fla.2d DCA 1975), the court reached the same conclusion, based on similar facts, as to the limits of uninsured motorist coverage afforded by the policy. See also Gaines v. Industrial Fire & Casualty Insurance Co., 378 So.2d 100 (Fla.3d DCA 1979).
The limits of liability under the policy are not affected by the number of causes of action that might accrue from the bodily injury of a single person. The trial judge correctly found that the policy was unambiguous and that it limited the appellant's total recovery under the policy to $100,000 less credit for the $30,000 previously recovered from the other party.
The summary judgment in favor of the appellee is affirmed.
ROBERT P. SMITH, Jr., C.J., and JOANOS, J., concur.