OPINION OF THE COURT
Richard Lee Price, J.
The defendants move posttrial for an order reducing the verdicts and any judgments entered thereon to the amount of $500,000.
BACKGROUND
Plaintiff Phillip Greenberg was seriously injured while a passenger in defendant Medi-Cab’s van especially equipped for the transportation of the physically handicapped. After trial of the case, the jury awarded plaintiff Phillip Greenberg $600,000 for his injuries. The jury also awarded his wife, Olga, $150,000 for her loss of services.
Before trial the plaintiffs entered into a stipulation dated February 2,1981, whereby they agreed to limit their recovery to “that amount of insurance available at the time of any settlement, judgment or recovery which is available to the defendants pursuant to any applicable liability insurance policies applicable thereto which has been represented to be $500,000/$!,000,000.” It has been determined that the only applicable insurance policy was one issued by the Insurance Company of North America, policy No. PMT 01 13 13.
*105 Subsequent to trial, but prior to final submission of this motion, the plaintiffs agreed to reduce plaintiff Phillip Greenberg’s recovery to $500,000 and judgment has been entered thereon. The issue presented herein therefore only relates to the disposition of Olga Greenberg’s recovery of $150,000 for loss of services.
ISSUE
The issue now before this court is whether the $500,000 “each person” or the $1,000,000 “each occurrence” policy limits apply to the aggregate damages awards recovered by a husband and his spouse arising out of injuries sustained by the husband.
As stated earlier, defendants now move for a reduction of the verdict on the basis of the February 2,1981 stipulation, and thereby, the language of the insurance policy limiting the aggregate damages recoverable to $500,000. Defendants argue that while plaintiff Olga’s “derivative” claim for loss of services is covered by the policy in question, the ultimate amount recoverable under the policy is limited by the terms of the policy.
The plaintiffs, on the other hand, argue that the stipulation, by its terms, evidences the plaintiffs’ impression and the defendants’ representation that the policy limits were between $500,000 and $1,000,000.
The plaintiffs also stress the strong public policy in New York favoring the safeguarding of persons and property from injury or damage caused by the negligence of public motor vehicle carriers. The plaintiffs also correctly state that section 370 of the Vehicle and Traffic Law was enacted with a view toward protection of the passengers. (Shaw v Citizens Cas. Co., 241 App Div 399.)
The bulk of plaintiffs’ argument is spent establishing the legitimacy of Olga Greenberg’s cause of action and recovery for loss of services, as well as the “separate and distinct” nature of that cause of action and recovery.
As a final argument, plaintiffs stress the “ambiguity” of the policy language and press for an interpretation against the insurer and in favor of the insured.
THE LAW
The law with respect to construction of insurance contracts tracks the body of law governing the construction of *106 contracts in general. (Green Bus Lines v Consolidated Mut. Ins. Co., 74 AD2d 136.) Insurance contracts (and the terms that compose them) that are clear and unambiguous are to be given their plain and ordinary meaning. (Government Employees Ins. Co. v Kligler, 42 NY2d 863.) Furthermore, a court confronted with an unambiguous contract of insurance is obliged to enforce the terms of that agreement and may not, even in furtherance of well-intentioned public policy, judicially alter the terms of the contract. (National State Bank, Elizabeth, N. J. v American Home Assur. Co., 492 F Supp 393.)
On the other hand, a question regarding uncertain or ambiguous contractual language must be resolved aginst the insurer. (Hartol Prods. Corp. v Prudential Ins. Co. of Amer., 290 NY 44.) As an extension of this doctrine, New York law further provides that a court, faced with ambiguous language, must determine whether there is a reasonable interpretation of the policy that could prove successful for the insured. (Allied Maintenance Corp. v Fidelity & Cas. Co. of N. Y., NYLJ, Dec. 1, 1980, p 7, col 2.)
Similarly, exceptions, exclusions and limitations are to be strictly construed against the insurer. (Green Bus Lines v Consolidated Mut. Ins. Co., supra.) Nevertheless, this rule of strict construction does not require a court to construe language in the insured’s favor simply because it is a possible construction. (Hunacek v Union Welfare Fund Local 202, 100 Misc 2d 740.)
APPLICATION OF THE LAW TO THE PRESENT CASE
The insurance contract in question is a comprehensive auto liability policy issued by the Insurance Company of North America to the defendant Medi-Cab International. The policy contains the following notification:
LIMITS OF LIABILITY
C - Bodily Injury Liability
X X X
each person each occurrence
X X X
X X X
$500,000 $1,000,000
X X X
*107 Further on in the policy, listed as part “III”, is an extended definition of the limits of liability clause “C”. Portions of that language follow: “The limit of bodily injury liability stated in the declarations as applicable to ‘each person’ is the limit of the company’s liability for all damages, including damages for care and loss of services, because of bodily injury sustained by one person as the result of any one occurrence” (emphasis added).
The policy also states: “Regardless of the number of * * * (3) claims made or suits brought, the company’s liability is limited” as outlined above.
This court holds that the language as outlined above is clear and unambiguous. The terms are to be given their plain and ordinary meaning, and any reasonable person can only conclude that the policy limits the insurer’s liability to the “each person” limit of $500,000. Any other interpretation would violate the manifest intention of the parties and would constitute a prohibited alteration of the contract. (Wasserman v Glens Falls Ins. Co., 19 AD2d 552; see, also, Dunn v Travelers Ins. Co., 6 Mass App 910.)
Plaintiffs, in an effort to press a favorable interpretation of the contract language, cite a number of cases that advocate coverage of a spouse’s recovery for loss of services under an insurance policy. As previously stated, this court does not deny that a spouse may recover under an insurance policy, within the limits, of the policy. Neither does this court deny that a spouse who has been awarded damages may seek to enforce that judgment.
Finally, this court must consider plaintiffs’ argument that when they entered into the stipulation of February 2, 1981, they were led to believe that the limits of liability lay somewhere between $500,000 and $1,000,000. The court rejects this argument, holding that the clear meaning of the terms of that stipulation is that the plaintiffs, because of the defendant’s entrance into bankruptcy proceedings, agreed to limit any recovery to the limits allowable under the policy. The extent of those limits was and is a fact to be determined by this court as a matter of law.
While the court is sympathetic to the plight of the plaintiffs in the present case, especially in light of the serious injuries sustained by plaintiff Phillip Greenberg, *108 this court cannot and will not go against overwhelming precedent and engage in legislative conduct.
In light of the foregoing analysis, the judgment is modified on the law by reducing the recovery in favor of plaintiff Phillip Greenberg to $400,000, with interest thereon; and by reducing the recovery in favor of the plaintiff Olga Greenberg to $100,000, with interest thereon.
As so modified, judgment affirmed, without costs. The findings of fact implicit in the jury’s verdict are affirmed.