Michael CRAIG and Joan
Craig, Appellants,

v.

IMT INSURANCE COMPANY, Appellee.

No. 86–535.

Supreme Court of Iowa.

June 17, 1987.

Edward J. Gallagher, Jr., and Cynthia A. Scherrman of Gallagher, Langles & Gallagher, P.C., Waterloo, for appellants.

James R. Hellman and Cheryl L. Weber of Mosier, Thomas, Beatty, Dutton, Braun & Staack, Waterloo, for appellee.

REYNOLDSON, Chief Justice.

The question here is whether the plaintiffs, Michael and Joan Craig, parents of an unborn but viable son killed in an auto accident, may recover for loss of consortium under the uninsured motorist provisions of their auto insurance policy issued by defendant, IMT Insurance Company. The district court held they could not. We reverse and remand.

For the purposes of this appeal, the facts are undisputed. December 6, 1984, an uninsured motorist ran a red light and struck the IMT-insured auto driven by plaintiff Joan Craig. Joan was six and one-half months pregnant. IMT agrees the unborn child was viable. As a direct result of the collision, the fetus suffered intrauterine fetal death and was delivered dead on December 11, 1984.

The uninsured motorist provisions of the Craigs' insurance policy limited IMT's liability to $25,000 for each person and $50,000 for each accident. IMT paid Joan Craig $25,000 for the injuries she suffered as a result of the accident. The Craigs then made claim, based upon loss of consortium, for their damages incurred as a direct consequence of the fatal injuries suffered by their son. IMT denied coverage.

The Craigs then filed this action, asserting a single claim for coverage based on Iowa Rule of Civil Procedure 8, loss of consortium. They alleged no wrongful death claim on behalf of their deceased son, Michael John Craig.

District court, ruling on the Craigs' motion for summary judgment and IMT's motion to adjudicate law points, concluded that "a viable fetus is not a family member for purposes of recovery under the uninsured motorist coverage of the insurance contract between the plaintiffs and defend-ant, and that no recovery can be had [by the parents] pursuant to rule 8 of the Iowa Rules of Civil Procedure." We granted the Craigs' appeal to review this determination.

I. The relevant language of the Craigs' insurance policy provides:

We [IMT] will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury:

1. Sustained by a covered person; and

2. Caused by an accident.

. . . .

"Covered person" as used in this Part means:

1. You or any family member.

. . . .

3. Any person . . . entitled to recover because of bodily injury . . . sustained by a person described in 1. . . .

. . . .

The limit of liability shown in the Declarations for "each person" for Uninsured Motorists Coverage is our maximum limit of liability for all damages for bodily injury sustained by any one person in any one accident. Subject to this limit for "each person," the limit of liability shown in the Declarations for "each accident" for Uninsured Motorists Coverage is our maximum limit of liability for all damages for bodily injury resulting from any one accident. This is the most we will pay regardless of the number of:

1. Covered persons; [or]

2. Claims made.

(Emphasis omitted.)

Our analysis of these contractual provisions is aided by our recent decision in *Lepic v. Iowa Mutual Insurance Co.*, 402 N.W.2d 758 (Iowa 1987). In *Lepic* two minor children were injured seriously in unrelated one-vehicle accidents. Each automobile insurance policy provided coverage limits of $100,000 per person and $300,000 per accident. Because of their severe injuries, each child was paid the full $100,000 per person limit.

Subsequently, the parents of both children instituted actions, under Iowa Rule of Civil Procedure 8, seeking recovery for loss of consortium. Because both children had been paid $100,000 each, we were called upon to determine

> whether the limit of liability as to "each person" in the underinsured motorist or bodily injury liability coverages of certain automobile insurance policies applies to *each person sustaining bodily injury and all claims arising therefrom* or, instead, applies to *each person claiming damages as a result of a bodily injury sustained by a covered person.*

*Id.* at 759 (emphasis added).

Examining insurance policies with language virtually identical to that involved in this action, *see id.* at 760 n. 1, we first ruled that while loss of consortium is an otherwise compensable personal injury to a parent deprived of his or her child's consortium, that loss does not itself constitute a bodily injury to the parent. *Id.* at 762–63. Rather, it is a personal injury done to the parent as a direct consequence of the injury to the child. *Id.* at 763; *see also H.L.O. v. Hossle,* 381 N.W.2d 641, 643 (Iowa 1986); *Dunn v. Rose Way, Inc.,* 333 N.W.2d 830, 832 (Iowa 1983).

Rejecting arguments that the applicable provisions were ambiguous, we held the "each person" liability limit caps the insurer's liability for all damages suffered by all persons as a consequence of bodily injury to one person. *Lepic,* 402 N.W.2d at 759. Thus, all claims arising from one bodily injury, including loss of consortium, must be combined with any claims on behalf of the child in determining whether the "each person" limit of liability has been exhausted. *Id.* at 765. Because the children involved in *Lepic* had each received the full amount allowed under their policy's "each person" limit of liability provision, no coverage was available for the parents' otherwise viable loss of consortium claims. *Id.*

Absent consideration of the fact the plaintiffs' child was unborn at the time of the accident, *Lepic* would require IMT to recognize their loss of consortium claim.[1] Unlike *Lepic,* the Craigs' "each person" liability provision has not been exhausted with respect to their unborn son. No claim on behalf of the unborn child has been made or paid. Further, only one-half of the $50,000 per accident limitation has been recovered. Thus, $25,000 in coverage is potentially available to the Craigs.

We additionally conclude it is legally irrelevant whether a wrongful death claim was or could have been brought on behalf of the Craigs' unborn child. Loss of consortium is an independent and distinct cause of action wholly separate from any cause of action otherwise available to the child itself. *See Irlbeck v. Pomeroy,* 210 N.W.2d 831, 833 (Iowa 1973). The distinct and wholly independent nature of the parents' action is underscored by the fact that our past majority holdings bar a wrongful death claim on behalf of an unborn child while at the same time allowing the parents of an unborn child to recover for loss of consortium under Iowa Rule of Civil Procedure 8. *Compare Weitl v. Moes,* 311 N.W.2d 259, 270–73 (Iowa 1981), *and McKillip v. Zimmerman,* 191 N.W.2d 706, 708–09 (Iowa 1971) (barring wrongful death actions on behalf of unborn children), *with Dunn,* 333 N.W.2d at 832–34 (allowing loss of consortium claim by parents of unborn child).

II. We turn then to the issue whether the unborn status of the child at the time

---

**1.** This conclusion answers IMT's contention that its policy pays only a claimant who suffers bodily injury. Not only is that limitation not found in the policy, it is not supported by *Fraternal Order of Eagles v. Illinois Casualty Co.,* 364 N.W.2d 218 (Iowa 1985), relied on by IMT. The dram shop liability insurance policy in *Eagles* borrowed the requirement that claimant be "injured in person" from Iowa Code § 123.92. *Id.* at 221. We held this clause referred only to bodily injury, thus preventing recovery by an uninjured mother advancing a claim for loss of consortium under Iowa Rule of Civil Procedure 8. *Id.* at 222. Here, no clause requiring the claimant to be "injured in body" appears in IMT's policy. Rather, the relevant IMT policy provisions allow recovery by "[a]ny person for damages that person is entitled to recover because of bodily injury ... sustained by a [family member] or [other person occupying the insured's auto]."

of death bars the parents' recovery for loss of consortium under IMT's policy. We again examine the controlling relevant provision of the policy:

We [IMT] will pay damages which *a covered person* is legally entitled to recover from the owner or operator of an *uninsured motor vehicle* because of bodily injury:

1. Sustained by *a covered person;* and

2. Caused by an accident

. . . .

*"Covered person"* as used in this Part means:

1. You or any *family member.*

. . . .

3. Any person . . . entitled to recover because of bodily injury . . . sustained by a person described in 1. . . .

(Emphasis in original.)

Under the plain language of the above provision, Michael and Joan Craig are "covered persons" and have been damaged. Further, because of our decision in *Dunn,* they are "legally entitled to recover" their damages "from the owner or operator of [the] uninsured motor vehicle." *See Dunn v. Rose Way, Inc.,* 333 N.W.2d 830, 832–34 (Iowa 1983). Finally, these damages arise and are recoverable "because of bodily injury . . . [s]ustained by" their unborn child.

 The subsumed question is whether the fatal injuries suffered by the unborn but viable child are bodily injuries "sustained by a covered person" within the scope of the policy. "Covered person" is defined in the policy to include a "family member." The term "family member" is defined elsewhere in the policy as a "person related to you by blood, marriage or adoption who is a resident of your household." Clearly, if the Craigs' unborn child is a "person" he also was related to the Craigs by blood and resided in their household.

The term "person," however, is not defined in IMT's policy. Nor is there any exclusion specifically applicable to the Craigs' unborn child. Thus, because our case law supports insurance coverage and because we construe provisions in the light most favorable to the insured, we must view the term "from the standpoint of what an ordinary [person] would believe it to mean." *Skyline Harvestore Sys. v. Centennial Ins. Co.,* 331 N.W.2d 106, 107 (Iowa 1983); *see IMT Ins. Co. v. Amundsen,* 376 N.W.2d 105, 107 (Iowa 1985); *Sable v. Horace Mann Life Ins. Co.,* 362 N.W.2d 495, 496 (Iowa 1985).

IMT's brief focuses on the term "person" as it has been defined for purposes of wrongful death actions. Certainly as our case law now stands an unborn child is not a person for purposes of a wrongful death action. *Weitl v. Moes,* 311 N.W.2d 259, 270–73 (Iowa 1981); *McKillip v. Zimmerman,* 191 N.W.2d 706, 708–09 (Iowa 1971). IMT thus contends because an insured would not otherwise be "legally entitled to recover damages" by wrongful death action, an insured could not reasonably believe the term "person" would encompass the unborn child.

However, as the Craigs argue, their claim is not premised on a wrongful death cause of action, but on loss of consortium based on injury or death of a minor child as provided for in Iowa Rule of Civil Procedure 8.[2] And, as made clear in *Dunn,* a minor child includes an unborn child for purposes of rule 8 consortium claims. *Dunn,* 333 N.W.2d at 832–34.

In contrast with a wrongful death claim, because the Craigs are "legally entitled to recover damages" for loss of consortium they had good reason to believe the term "person" in their policy would encompass minor children and therefore their unborn child. To read the policy more narrowly would imply exclusions not expressly provided for in the policy. This we decline to do. *See Hoekstra v. Farm Bureau Mut. Ins. Co.,* 382 N.W.2d 100, 105–06 (Iowa 1986); *Skyline Harvestore Sys.,* 331 N.W.2d at 107.

---

**2.** Iowa Rule of Civil Procedure 8 provides, "[a] parent, or the parents, may sue for the expense and actual loss of services, companionship and society resulting from injury to or death of a *minor child."* Iowa R.Civ.P. 8 (emphasis added).

We hold that with respect to claims based on loss of consortium a "minor child," including an unborn child, is a "person" within the scope of the insurance policy here at issue. Further, a minor child, including an unborn child, is a "family member" and a "covered person" within the scope of the policy. Thus, there is $25,000 coverage available under IMT's policy for Craigs' loss of consortium claim based on the death of their unborn child.

We reverse and remand to district court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

All Justices concur except SCHULTZ, McGIVERIN and WOLLE, JJ., who dissent.

SCHULTZ, Justice (dissenting).

I dissent. I do not believe that an unborn child is either a "covered person" or a "family member" under the terms of the policy. A "person" is a human being who has "attained a recognized individual identity" by being born alive. *Weitl v. Moes*, 311 N.W.2d 259, 271 (Iowa 1981). A member is "[o]ne of the persons constituting a family." *Black's Law Dictionary* 1135 (rev. 4th ed. 1968). The plain meaning of the terms "person" and "family member" in the policy do not include the unborn. Under the policy the "bodily injury" simply was not sustained by a "covered person."

McGIVERIN and WOLLE, JJ., join this dissent.